**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY C. JONES,<br><br>              Petitioner,<br><br>     v.<br><br>104th Congress et al.,<br><br>              Respondents. | Case No. 1:14-cv-01168-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in signed writings filed by Petitioner on July 21, 2014, and August 11, 2014.  Pending before the Court is the petition, which was filed on July 7, 2014, and transferred to this Court on July 28, 2014.

I.   Screening the Petition

The Rules Governing Section 2254 Cases in the United States

1

District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the United States Penitentiary at Atwater, California, serving a forty-five-year sentence imposed in 1998 in the United States District Court for the Southern District of Indiana for armed and forcible carjacking with the intent to cause death or serious bodily harm and use of a weapon in the violent crime.  He challenges his conviction on the ground that he is actually innocent of carjacking because when he and co-participants sneaked into the victim's home while armed after an unrelated robbery, the victim willingly gave them a ride in the victim's car, which remained in the victim's possession. Petitioner thus argues that his conduct did not constitute criminal conduct.  (Pet., doc. 1, 1-19, 44.)

Petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, raising issues of prosecutorial misconduct, erroneous jury instructions, improper voir dire, and insufficient evidence.  The judgment was affirmed in August 1999. (Doc. 1, 45.)  On April 5, 2000, Petitioner filed in the sentencing court a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in which he raised issues of ineffective assistance of trial counsel and improper identification.  (Id. at 47.)

II.  Subject Matter Jurisdiction

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively

alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

Here, although Petitioner is challenging his conviction and sentence, Petitioner argues that he is entitled to proceed pursuant to 28 U.S.C. § 2241 because § 2255 is inadequate and ineffective due to his actual innocence of the crimes and the absence of an unobstructed procedural shot at presenting his claim.

### A. Inadequate or Ineffective Remedy

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. 28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens v. Herrera, 464 F.3d at 897; Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a

4

petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Title 28 U.S.C. § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. <u>Id.</u>; <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); <u>Tripati</u>, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may

5

not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In this case, because Petitioner challenges his underlying conviction and sentence and not errors in the administration of his sentence, the petition appears to come within the scope of 28 U.S.C. § 2255(a).

Petitioner argues that he brought an earlier motion pursuant to § 2255, which was denied. However, denial of a previous § 2255 motion is insufficient by itself to render the § 2255 remedy inadequate. Aronson v. May, 85 S.Ct. at 5. The mere failure to meet the statutory bar for successive motions does not render the

6

remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h). See, Moore v. Reno, 185 F.3d at 1055. It is established that the authority of federal courts to grant habeas relief under § 2241 is limited by § 2255. Tripati v. Henman, 843 F.2d at 1162.

### B. Actual Innocence

Petitioner argues that his remedy pursuant to § 2255 is inadequate because he is actually innocent of the commitment offenses.

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim. Stephens v. Herrera, 464 F.3d at 898.

#### 1. Factual Innocence

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998). This test requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d at 898.

Here, Petitioner alleges that Petitioner sneaked into the victim's home with two other fugitives who were armed. The men had just robbed a bank of $100,000.00 and had escaped capture after a motor vehicle pursuit by law enforcement officers. The men ran into the area of the victim's home on foot; the residents knew that armed fugitives were in the vicinity. The victim's daughter screamed upon

7

discovering one of the fugitives in her bedroom armed with a gun, and the fugitives corralled the family in a bedroom, tying or hobbling the wife and daughter.  The fugitives expressed a desire not to hurt the residents but rather to get away.  The victim volunteered to drive the fugitives, and he drove them to Indianapolis.  (Doc. 1, 8-30, 36.)

Petitioner argues that the victim retained possession of the car at all times and voluntarily drove the men; thus, no carjacking was committed.  Although there may have been no evidence that the fugitives brandished or displayed their guns or made a direct threat and no evidence that the victim refused to drive the fugitives in his vehicle, the victim testified he offered to drive the fugitives because of fear for his life and the lives of his wife and child, who were also experiencing extreme fear of the armed robbers.  (Doc. 1 at 13, 25, 30.)  In light of the circumstances, including the perpetrators' recent commission of armed robbery, their being armed, their breaking into the residence and thereby violating the sanctity and privacy of the victim's habitation, their isolating and containing the family, and the family members' extreme fear, a rational trier of fact could easily infer that the victim was motivated by fear that he would be injured or killed if he did not cooperate.  Petitioner has not established that in light of all the evidence, no reasonable juror would have convicted him.

Accordingly, Petitioner has not established actual innocence.

### 2. Opportunity to Raise His Claim

To determine the adequacy of a petitioner's opportunity to raise a claim, a court determines whether the basis of the claim was available at the time of the direct appeal and the first § 2255

8

motion, and it considers whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion, and 2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion. Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). An intervening court decision that effects a material change in the applicable law that forms the basis for a claim may warrant resort to relief pursuant to § 2241. Id. However, where a petitioner fails to raise a claim at trial or on direct appeal even though the legal basis for the claim was clear at those times, the petitioner has not shown that the claim was not available until after the filing of the first § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960-61 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060.

    Here, there is no showing that the basis of Petitioner's claim arose after he had exhausted his direct appeal and first § 2255 motion. This is not a case involving new evidence. Further, the legal basis of Petitioner's claim of innocence relates to evidence introduced at trial, which was available to Petitioner at that time. Petitioner had the opportunity to raise the issue on appeal and by motion under § 2255.

    Likewise, there is no showing that there was any change in the law that affected the basis of Petitioner's claim. Petitioner relies on Alaimalo v. United States, 645 F.3d 1042, in which the court considered the claim of a petitioner whose conduct was held by an intervening judicial decision not to be legally sufficient to constitute the commitment offense (there, importation of a controlled substance to the territory of Guam). However, in the

present case, there is no analogous material change in the law that intervened after Petitioner's conviction.

The Court concludes that Petitioner has not shown that he did not have an unobstructed procedural shot at presenting his challenges to the sentencing court.

The Court notes that Petitioner could not bring a successive § 2255 motion to raise a new judicial decision interpreting a statute, as distinct from a Supreme Court case announcing a new rule of constitutional law. 28 U.S.C. § 2255(h)(2); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). It is unclear whether Petitioner has sought to bring a successive motion. However, even if Petitioner attempted to obtain permission to file a second or successive motion and failed, that would not necessarily render the § 2255 remedy inadequate or ineffective. Lorentsen v. Hood, 223 F.3d at 953 (citing Moore v. Reno, 185 F.3d 1054).

In summary, Petitioner has not shown that his remedy by way of § 2255 was inadequate or ineffective.

Accordingly, Petitioner may not proceed with his challenge to his conviction and sentence in a proceeding pursuant to § 2241. The petition must be dismissed because the Court lacks jurisdiction to proceed pursuant to § 2241.

III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, the Court will decline to issue a certificate of appealability.

///

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   **August 14, 2014**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE